<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LINC HARRIS, | : | Civil No. 05-4577 (RBK) |
| Petitioner, | : |  |
| v. | : | <u>OPINION</u> |
| JOHN NASH, | : |  |
| Respondent. | : |  |

**APPEARANCES**:

    LINC HARRIS, #11871-052
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

**KUGLER**, District Judge

    Petitioner Linc Harris filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his custody classification.  For the reasons set forth below, the Court will summarily dismiss the Petition.

**I.  BACKGROUND**

    Petitioner is currently serving a federal sentence of 97 months imposed by the United States District Court for the Northern District of New York after he pled guilty to possession with intent to distribute cocaine.  Petitioner challenges his custody level and asserts that he

qualifies for placement in the federal prison camp, but for the improper reliance on a New York State harassment conviction to increase his custody level. Specifically, Petitioner claims:

> THE B.O.P. HAS ERRED IN USING "PRIOR CONDUCT," WHICH IS UNRELATED TO THE CURRENT OFFENSE TO DENY CAMP DESIGNATION FOR AN OTHERWISE ELIGIBLE PETITIONER IN LIGHT OF AN OFFENSE, WHICH RESULTED INTO A FINE BEING PAID.

(Mem. of Law at p. 2.)

Petitioner asserts that he exhausted available administrative remedies. He seeks an order enjoining the Bureau of Prisons ("BOP") from using the harassment charge as a basis of increasing his custody level.

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); Spencer v. Kemna, 523 U.S. 1 (1998).

C.  The Merits

In his habeas Petition, Petitioner challenges his custody level and the failure to transfer him to a federal camp. He argues that the BOP improperly relied on a New York state harassment conviction which resulted in imposition of a fine to increase his custody level. He contends that reliance on the harassment conviction violates the Security Designation and Custody Classification Manual, Program Statement 5100.7. He seeks an order enjoining the

BOP's use of the harassment charge to determine his custody level and to deny transfer to a federal prison camp.

## II. DISCUSSION

The United States Code authorizes the BOP to designate the place of a prisoner's imprisonment. Section 3621(b) of Title 18 provides:

> (b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . ., that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement] . . .
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Section 3621(b) also advises that "there shall be no favoritism given to prisoners of high social or economic status." Id.

In Woodall, 432 F.3d at 251, the United States Court of Appeals for the Third Circuit applied § 3621(b) to a federal prisoner's challenge to the BOP's regulations limiting placement in a community corrections center to the final 10% of the sentence. The Third Circuit determined that "the BOP may transfer an inmate to a CCC or like facility prior to the last six months or ten percent of his sentence [and] [i]n exercising its discretion in this matter, the BOP must consider the factors set forth in § 3621(b)." Id.

4

Clearly, Petitioner's New York state harassment conviction falls within § 3621(b)(3) which requires the BOP to consider "the history and characteristics of the prisoner." Petitioner nevertheless argues that the decision of Judge Irenas in <u>Simmons v. Nash</u>, Civil No. 04-4331 (JEI) (D.N.J. filed Sept. 2, 2004), prohibits the BOP's consideration of his harassment conviction in determining his place of imprisonment and custody level. In that case, Simmons contested his classification by the BOP as a sex offender under 18 U.S.C. § 4042(c), a classification which triggers certain notice and registration requirements after release.[1] Judge Irenas ruled that § 4042(c) does not include sex offender classification based on a prior offense, other than the offense for which the prisoner is serving his federal sentence. However, <u>Simmons</u> does not support Petitioner's claim. Petitioner is not classified as a sex offender under § 4042(c), and <u>Simmons</u> does not prohibit the BOP from considering a prisoner's criminal history in designating a place of imprisonment and custody classification.

Because 18 U.S.C. § 3621(b)(3) requires the BOP to consider "the history and characteristics of the prisoner," the BOP did not violate federal law by considering Petitioner's prior harassment charge in designating the place of Petitioner's imprisonment. The Court will therefore summarily dismiss the Petition.

---

[1] A person is classified as a sex offender "if the person was convicted of" any federal offenses specified in § 4042(c)(4)(A)-(D), or of "[a]ny other offense designated by the Attorney General as a sexual offense for the purposes of this subsection." 18 U.S.C. § 4042(c)(4)(E). Section 4042(c) requires the BOP to provide notice of the release of a prisoner who was convicted of a sexual offense to law enforcement offices of the state and local jurisdictions, including the person's name, criminal history, residence, and information that he is subject to a registration requirement as a sex offender. 18 U.S.C. § 4042(c)(1), (c)(2).

## III.  CONCLUSION

Based on the foregoing, Petitioner is not entitled to relief under 28 U.S.C. § 2241 and the Court will dismiss the Petition.


　　　　　　　　　　　　　　　　　　　　s/Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　**ROBERT B. KUGLER, U.S.D.J.**


Dated:      June 30   , 2006